**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0956-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAMAL S. COLEY, a/k/a
JAMALL BELL,

    Defendant-Appellant.

_____

Submitted February 26, 2018 — Decided June 22, 2018

Before Judges O'Connor and Vernoia.

On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment Nos. 09-12-1117 and 09-12-1118.

Joseph E. Krakora, Public Defender, attorney for appellant (William Welaj, Designated Counsel, on the brief).

Michael A. Monahan, Acting Union County Prosecutor, attorney for respondent (Izabella M. Wozniak, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jamal Coley appeals from an August 15, 2016 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

In 2011, a jury convicted defendant of first-degree aggravated sexual assault while using a weapon, N.J.S.A. 2C:14-2(a)(4); first-degree aggravated sexual assault in the course of committing a robbery, N.J.S.A. 2C:14-2(a)(3); second-degree sexual assault with the use of force or coercion but without causing serious injury, N.J.S.A. 2C:14-2(c)(1); first-degree armed robbery, N.J.S.A. 2C:15-1; third-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a). In a separate proceeding, the same jury convicted defendant of second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b).

At the time of sentencing, the judge noted defendant had eleven prior indictable convictions. On the basis of a 1997 conviction for sexual assault, for which defendant was serving a sentence of community supervision for life, the judge granted the State's motion for a mandatory extended term of imprisonment pursuant to N.J.S.A. 2C:43-6.4(e). After the appropriate mergers, defendant was sentenced to life in prison without eligibility for parole on the ground he was a repeat offender

A-0956-16T3

and had committed the first-degree aggravated sexual assault with a weapon.  On the second indictment, the judge sentenced defendant to a consecutive term of ten years in prison with five years of parole ineligibility.

We affirmed defendant's convictions and sentence on direct appeal, State v. Coley, No. A-3393-11 (App. Div. Oct. 22, 2014) (slip op. at 1), and the Supreme Court denied his petition for certification, State v. Coley, 221 N.J. 285 (2015).

The facts underlying defendant's convictions are set forth in our opinion.  For context, we set forth the evidence adduced at trial salient to the issues on appeal.

Police officers Michael Carreto and Joe Pevonis were on patrol in Elizabeth when they looked down an alley and saw a woman, L.S., hunched over and defendant behind her engaging in what appeared to be sexual intercourse.  The officers ordered them to stop and to put up their hands.  Defendant put his hand over a fence and dropped a shiny object.

L.S. approached the officers with a terrified look on her face and repeatedly whispered to them "he's got a gun." Officer Carreto recognized L.S. as a prostitute he had previously encountered, and subsequently found a .177 caliber BB gun in the area where he saw defendant drop an object.  Defendant was then placed under arrest.

L.S. told the officers she had been soliciting a customer in a truck when defendant surprised her from behind. Defendant pushed her to the side, struck the man in the truck with his gun, and took the man's money. The man drove away and defendant demanded money from L.S. When he discovered she had only a few dollars, he forcibly pulled her into the alleyway. At gunpoint, he ordered her to perform fellatio on him and then penetrated her vaginally several times. He then turned her around, forced her up against the fence, and was about to penetrate her anally when the police arrived.

L.S. informed the police defendant had attempted to place a condom on his penis but discarded it in the area. One of the officers found a used condom on the ground, which was presented as evidence at defendant's trial. Although defendant's DNA was not found on the condom or on the handgun retrieved from the other side of the fence, the victim's DNA was found on both items.

In addition to L.S. and the police officers, an inmate who had shared a jail cell with defendant after defendant was arrested testified. The inmate reported that defendant said he robbed a man in a truck and raped a white woman.

While testifying, the inmate acknowledged he had a lengthy criminal record, and also admitted he initially hoped to be

A-0956-16T3

released from jail earlier than otherwise in exchange for revealing defendant's admissions. However, he stated he did not in fact receive any benefit for his testimony, and was motivated to testify against defendant because he did not like rapists. Defendant did not testify and did not present any witnesses.

In 2015, defendant filed a PCR petition alleging ineffective assistance of trial counsel. Appointed PCR counsel submitted a brief on defendant's behalf, in which he argued trial counsel was ineffective because trial counsel failed to confront the inmate with letters the inmate had written just before trial. Defendant claimed the content of such letters would have negatively impacted the inmate's credibility.

In a written opinion, the PCR judge, who was also the trial judge, found the content of the two letters innocuous. In the letters the inmate merely asked defendant about the status of the case or referenced unrelated topics. As the judge noted, "At no point in either letter . . . does [the inmate] mention any quid pro quo with the State or an intention to receive any kind of benefit for offering testimony in [defendant's] case. The topic of [the inmate's] testimony is not mentioned at all in the letters." The PCR judge found defendant failed to make any showing how confronting the inmate with the letters on cross-examination would have altered the outcome of the trial.

The PCR judge also observed trial counsel effectively attacked the inmate's credibility by drawing out on cross-examination the inmate had been convicted of larceny, receiving stolen property, and other crimes involving fraud. The judge determined that "[t]rial counsel ably and effectively established that [the inmate] had a history of untruthfulness and lying."

Defendant also contended trial counsel pressured him into waiving his right to testify. The PCR judge determined the record refuted such argument. When the State rested, trial counsel advised the judge defendant was relinquishing his right to testify. Defendant was placed under oath and questioned by the judge about his decision. The judge was satisfied defendant exercised his right to remain silent freely, knowingly, and voluntarily.

Defendant alleged trial counsel failed to meet with or review any of the discovery with him, and did not prepare for trial. The PCR judge rejected these contentions, finding them to be nothing but vague, bald assertions unsupported by any evidence. Citing State v. Marshall, 148 N.J. 89 (1997), the judge noted he need not hold a hearing because "the defendant's allegations are too vague, conclusory, or speculative to warrant" one. Id. at 158. In addition, the judge noted

A-0956-16T3

defendant did not show how any of these alleged deficiencies prejudiced him and adversely affected the outcome of the trial. On August 15, 2016, the judge entered an order denying defendant's petition for PCR.

On appeal, defendant presents the following for our consideration.

POINT I: THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADQUEATE LEGAL REPRESENTATION AT THE TRIAL LEVEL.

A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS AND PETITITONS FOR POST CONVICTION RELIEF.

B. TRIAL COUNSEL DID NOT ADEQUATELY REPRESENT THE DEFENDANT ARISING OUT OF HIS FAILURE TO THOROUGHLY DISCUSS WITH HIS CLIENT ALL RELEVANT RAMIFICATIONS ASSOCIATED WITH THE DECISION WHETHER OR NOT TO TESTIFY, AS A RESULT OF WHICH THE DEFENDANT DID NOT TESTIFY IN HIS OWN DEFENSE.

C.  THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AS A RESULT OF TRIAL COUNSEL'S FAILURE TO EFFECTIVELY CROSS-EXAMINE [THE INMATE], A CRITICAL WITNESS UTILIZED BY THE STATE AT TRIAL.

On appeal, defendant reprises the arguments asserted before the PCR judge, although he elaborates on the argument trial counsel was ineffective because he allegedly pressured defendant into waiving his right to testify. Defendant maintains he informed counsel he hired L.S. to have sexual relations with him and, thus, the sexual act was consensual. Defendant claims counsel told him the jury would understand L.S. agreed to have sex with him and thus defendant's testimony was unnecessary.

Defendant contends that, when the State rested, his attorney failed to call any witnesses and, had he known that was going to occur, he would have insisted upon testifying so the jury would have heard his version of the events. Defendant admits his attorney told him several times that, if he were to testify, he would lose the case.

Defendant's argument is resoundingly refuted by the record. Before defendant waived his right to testify, in defendant's presence defense counsel stated he was not calling any witnesses other than defendant in the event defendant wanted to testify. By the time defendant decided not to testify, all of the State's witnesses had testified, and it would have been patently obvious there was no evidence L.S. had consented to the sexual act. Defendant knew or should have known that if he wanted the jury to believe the act was consensual, he was going to have to

testify to such fact. In addition, defendant knew in advance of his decision to not testify that his attorney was not going to call any witnesses, with the exception of defendant if he wanted to testify.

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee a defendant in a criminal proceeding the right to the assistance of counsel. State v. Nash, 212 N.J. 518, 541 (2013). This right includes "the right to the effective assistance of counsel." Ibid. (quoting Strickland v. Washington, 466 U.S. 668, 686 (1984)).

The Court established a two-part test in Strickland, later adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), to determine whether a defendant has been deprived of the effective assistance of counsel. Strickland, 466 U.S. at 687. Under the first prong of this test, a petitioner must show counsel's performance "fell below an objective standard of reasonableness" and "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687-88.

The first prong of the test is satisfied by showing counsel's acts or omissions fell outside the wide range of professionally competent assistance considered in light of all

A-0956-16T3

the circumstances of the case." State v. Allegro, 193 N.J. 352, 366 (2008) (quoting State v. Castagna, 187 N.J. 293, 314 (2006)). "[T]here is 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Castagna, 187 N.J. at 314 (quoting Strickland, 466 U.S. at 689).

Under the second prong, a defendant "must show that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. That is, there must be a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "The error committed must be so serious as to undermine the court's confidence in the jury's verdict or the result reached." Castagna, 187 N.J. at 315.

After reviewing the record in light of the contentions advanced on appeal, we conclude defendant's contention counsel was ineffective is devoid of merit, and affirm for substantially the same reasons expressed by Judge Robert J. Mega in his comprehensive written decision. Further, the judge correctly concluded there was no basis to order an evidentiary hearing. See State v. Preciose, 129 N.J. 452, 462-63 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0956-16T3